## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| JENNIFER EGAN | : | |
| 3 Fraley Street | : | |
| Bridgeport, PA 19405 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No. _____ |
| v. | : | |
| | : | |
| REDEMPTION SPIRITS, LLC, d/b/a | : | |
| AMERICAN SPIRITS EXCHANGE | : | |
| LIMITED | : | |
| 408 E. Fourth Street, Ste. 209 | : | **JURY TRIAL DEMANDED** |
| Bridgeport, PA 19405 | : | |
| and | : | |
| RAYMOND WINTERS | : | |
| 408 E. Fourth Street, Ste. 209 | : | |
| Bridgeport, PA 19405 | : | |
| and | : | |
| PHILIP KOLODZIEY | : | |
| 408 E. Forth Street, Ste. 209 | : | |
| Bridgeport, PA 19405 | : | |
| | : | |
| Defendants. | : | |

_____:

### CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### I. INTRODUCTION

1.      This action has been initiated by Jennifer Egan (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. §§ 201, *et. seq*.) and applicable state law(s). Plaintiff asserts herein that she was not paid wages or overtime compensation in accordance with applicable state and federal laws. As a direct consequence of Defendants' actions, Plaintiff seeks damages as set forth herein.

## II.  JURISDICTION AND VENUE

2.      This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims because they arise under a federal law - the FLSA. There is supplemental jurisdiction over Plaintiff's state-law claims herein because they arise out of the same common nucleus of operative facts as Plaintiff's federal claim(s) set forth in this lawsuit.

3.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III.  PARTIES

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult individual, with an address as set forth in the caption.

7.      Redemption Spirits, LLC, d/b/a American Spirits Exchange Limited (hereinafter, "Defendant RS-LLC" where referred to individually) is an importer, national wholesaler, and distributor of alcoholic beverages throughout the United States. This entity is incorporated in Delaware and headquartered and operating from the above-captioned address in Montgomery County, Pennsylvania.

8.     Raymond Winters (hereinafter, "Defendant Winters" where referred to individually) is the Chief Executive Officer ("CEO") of Defendant RS-LLC overseeing all aspects of operations, personnel, and compensation of employees.

9.     Philip Kolodziey (hereinafter, "Defendant Kolodziey" where referred to individually) is the President of Defendant RS-LLC overseeing all aspects of operations, personnel, and compensation of employees.

10.    Defendants RS-LLC, Winters, and Kolodziey may hereinafter be collectively referred as "Defendants." At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV.  FACTUAL BACKGROUND

11.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12.    Plaintiff was hired by Defendants in or about July of 2016; and in total, Plaintiff was employed with Defendant RS-LLC for in excess of 7 years (until termination in or about September of 2023).

13.    Plaintiff was primarily referred to within Defendant RS-LLC under the job title of Purchase Order Department Manager (or slight variations of this job title phrasing).

14.    Plaintiff was paid a salary; and as of termination, her salary was $70,000.00 per annum.

15.    Plaintiff typically averaged *at least* 50 hours of work per week for Defendants (which is *at least* 10 hours of overtime hours per week).

16.     Plaintiff was never paid any additional monies for working in excess of 40 hours per week, and she was not paid overtime pay at rate of time and one half for any hours worked beyond 40 hours per week.

17.     Defendant RS-LLC would be characterized as a small business, typically employing 8-12 employees at any given time during Plaintiff's tenure.

18.     Although Plaintiff was referred to by Defednats as a "Manager" of the Purchase Order Department, she was at almost all times during her tenure the only person (and direct employee) who worked in her "department." Defendants naturally had a vested interest in having customers and vendors *optically* have the impression they were communicating with a management-level employee (not uncommon in many industries, such as referring to salespeople as vice presidents).

19.     Plaintiff was not paid overtime compensation (in violation of state and federal laws), and she was misclassified as an "exempt" employee instead of being treated as a "non-exempt" employee (as legally required).

20.     Defendants did not document, track, or itemize hours worked by Plaintiff on a daily or weekly basis as legally required.[1]

21.     In order for Plaintiff to be exempt (and not entitled to overtime pay) as a "manager" under the "Executive" employee exemption of the Fair Labor Standards Act ("FLSA") and Pennsylvania Minimum Wage Act ("PMWA"), Plaintiff must meet multiple

---

[1] The failure of an employer to abide by mandatory record-keeping of hours worked by an employee violates 29 U.S.C. § 211(c). An employee should not be prejudiced by an employer's failure to follow record-keeping laws.  As a result, **an employee's estimates of hours typically worked may be accepted**. *See e.g. Zeng Liu v. Jen Chu Fashion Corp.*, 2004 WL 33412, at *8 (S.D.N.Y. 2004).

elements of the exemption: (1) she must be paid a salary of at least $684.00 per week; (2) she must regularly direct 2 or more employees; and (3) she perform the "primary duty" of management. *See* 29 C.F.R. 541.100.

22.    Plaintiff does not dispute she was paid a salary as required by the management exemption.[2] However, Plaintiff did not regularly (or as any type of primary duty): (a) supervise 2 more employees;[3] (b) hire employees; (c) terminate employees; (d) give pay raises or evaluations to employees; (e) make corporate policies; or (f) perform other "executive" level duties as generally required by the exemption.

23.    Plaintiff was a salaried customer service representative for Defendants. Plaintiff's primary duties consisted of: (a) making phone calls, taking phone calls, and answering emails related to customer orders; (b) data entry much of the day; (c) processing purchase orders; and (d) helping with packing products at times over the years when Defendant was busy; and (e) ensuring delivery of products to customers or vendors. Plaintiff didn't have any meaningful discretion, nor perform any primary duties of management.

24.    There is no plausible or good-faith basis to ever assert Plaintiff was exempt from overtime or that she performed as an executive (under the executive exemption for certain higher-level managers).[4] Regulations of laws governing overtime specifically clarify that job titles are meaningless for purposes of exemption review or evaluation.[5]

---

[2] In virtually every case around the United States where an employee is misclassified, he or she is always paid a salary that meets the asserted exemption. But virtually all cases of misclassification are premised upon an employee not being exempt because he or she does not perform duties required by the exemption.

[3] For a very short period in Plaintiff's tenure, she was assisted by another employee at times (until he quit).

[4] *See e.g. Morgan v. Family Dollar Stores, Inc*., 551 F.3d 1233, 1269 (11th Cir. 2008)(affirming $35,000,000 verdict against the defendant because a class of store managers performed primary duties of non-management including stocking, cashier work, etc…); *Hickton v. Enter. Rent-A-Car Co.* (*In re Enter. Rent-A-Car Wage & Hour Empl. Practices Litig*.), 2012 U.S. Dist. LEXIS 136252 (W.D. Pa. 2012)(denying summary judgment and explaining a jury could readily conclude employee titled "manager" who performed mostly sales and other labor had "primary duties"

25.     Under both state and federal laws, Plaintiff is entitled to a look-back period of 3 years for any unpaid overtime compensation (from lawsuit filing date). Thus, the look-back period in this lawsuit is from October 16, 2020 through October 16, 2023. This timeframe is hereinafter referred to as the "look-back period."

26.     During the look-back period, Plaintiff worked for 146 weeks prior to August of 2023 (when Plaintiff commenced taking periodic and block time off due to her health and her pregnancy).[6] Plaintiff was terminated shortly after discussing her health, pregnancy, and requesting medical accommodations (the subject of different legal claims before the Pennsylvania Human Relations Commission – "PHRC").

27.     Plaintiffs Winters and Kolodziey are both personally and individually liable as to their own (non-corporate) assets under applicable state and federal laws, as both state and federal laws permit individual liability against management overseeing compensation of employees.[7] These executives who own and/or operate Defendant RS-LLC were the direct management

---

other than management); *Marshall v. Coastal Group Management*, 1980 U.S. Dist. LEXIS 11704 (D.N.J. 1980)(reaffirming the denial of summary judgment as to managers explaining they spent most of their time prepping food, cooking, handling customers, working the cash register and cleaning finding assertions of the "executive exemption" to be "untenable").

[5] *See* "29 C.F.R. § 541.2 Job titles insufficient."

> A job title alone is insufficient to establish the exempt status of an employee. The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary **and duties meet the requirements of the regulations in this part.**

[6] Plaintiff excludes the months of August and September 2023 (predating her termination from employment) from any overtime calculations herein.

[7] *See e.g. Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 414 (3d Cir. 2012)(managers, owners or and corporate officers exercising control over wages or employee compensation are appropriate defendants under the FLSA and may be individually liable for such violations). The regulations under state law are the same.

responsible for misclassifying Plaintiff and not paying her in accordance with state and federal regulations.

28.     Plaintiff's average overtime rate ($50.00 per hour) multiplied by an average of *at least* 10 hours of overtime per week totals *at least* $500.00 in unpaid overtime compensation per week. Under this conservative estimate of unpaid overtime compensation, Plaintiff is owed *at least* $73,000.00 in unpaid overtime compensation.[8]

29.     It is extremely well recognized nationally that Plaintiff could not possibly meet an exemption and that she performed a glorified customer service role. Plaintiff's unpaid overtime is to be automatically doubled under regulations of the Fair Labor Standards Act ("FLSA").[9]

30.     Thus, under applicable law(s), Plaintiff is entitled to at least $146,000.00 in unpaid overtime compensation, in addition to costs and all legal fees of her counsel. *See* 29 U.S.C. § 216(b)(a prevailing plaintiff "shall" be entitled to attorney's fees).

---

[8] Plaintiff is not only seeking $73,000.00 in unpaid overtime. She will assert during the pendency of this lawsuit that she worked well in excess of 10 hours per week in many weeks. She is however giving a conservative estimate (for calculation purposes) based upon a minimum of 10 hours of overtime per week in this lawsuit to provide significant detail as to claims, allegations, and a base minimum of what is owed for purposes of notice pleading.

[9] *See e.g. Solis v. Min Fang Yang*, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, **they are considered the norm** and have even been referred to by this court as mandatory."); *Gayle v. Harry's Nurses Registry, Inc.*, 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the **norm,** single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.,* 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases); *Lockwood v. Prince George's County*, 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA).

**Count I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime Compensation)**
**- Against All Defendants -**

31.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32.     Defendants are a business and/or enterprise and/or individuals covered under the FLSA, and they were required to pay overtime to non-exempt employees.

33.     Plaintiff was not paid at a rate of time and one half for all hours worked over 40 hours per week as outlined *ad nauseum* in this lawsuit. *See supra.*

34.     Plaintiff is therefore owed overtime pay, liquidated damages, other penalties, costs, and attorney's fees.

35.     Defendants' actions in all regards violated the FLSA.

**Count II**
**Violations of the Pennsylvania Minimum Wage Act ("PMWA")**
**(Failure to Pay Overtime Compensation)**
**- Against All Defendants -**

36.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37.     Plaintiff was not properly paid for all owed overtime as explained s*upra*. And such actions constitute indefensible violations of the Pennsylvania Minimum Wage Act ("PMWA").

38.     The PMWA and FLSA are interpreted and analyzed identically, and thus Plaintiff re-asserts and re-alleges all such violations under the FLSA herein (as they constitute mirroring violations of the PMWA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendants are to promulgate and adhere to a policy prohibiting overtime and wage violations;

B.      Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' wrongful actions, including but not limited to all owed wages, overtime, and other applicable compensation;

C.      Plaintiff is to be awarded liquidated damages as permitted by applicable law;

D.      Plaintiff is to be accorded other equitable or legal relief as the Court deems just, proper, and appropriate (or as permitted by statute(s));

E.      Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees; and

F.      Plaintiff is permitted to have a trial by jury.


Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

Ari R. Karpf, Esquire
3331 Street Road
Building 2, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: <u>October 30, 2023</u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

CIVIL ACTION

Jennifer Egan

v.

NO.

Redemption Spirits, LLC, d/b/a American Spirits Exchange Limited, et al.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (X )

| | | |
|---|---|---|
| 10/30/2023 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___3 Fraley Street, Bridgeport, PA 19405_____

Address of Defendant: ___408 E. Fourth Street, Suite 209, Bridgeport, PA 19405_____

Place of Accident, Incident or Transaction: ___Defendants place of business_____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __10/30/2023_____ _____    ___ARK2484 / 91538___

                *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**    *Federal Question Cases:*              **B.**    *Diversity Jurisdiction Cases:*

| | | |
|---|---|---|
| ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts | ☐ 1. Insurance Contract and Other Contracts |
| ☐ 2. FELA | ☐ 2. Airplane Personal Injury |
| ☐ 3. Jones Act-Personal Injury | ☐ 3. Assault, Defamation |
| ☐ 4. Antitrust | ☐ 4. Marine Personal Injury |
| ☐ 5. Patent | ☐ 5. Motor Vehicle Personal Injury |
| ☒ 6. Labor-Management Relations | ☐ 6. Other Personal Injury *(Please specify):* _____ |
| ☐ 7. Civil Rights | ☐ 7. Products Liability |
| ☐ 8. Habeas Corpus | ☐ 8. Products Liability – Asbestos |
| ☐ 9. Securities Act(s) Cases | ☐ 9. All other Diversity Cases |
| ☐ 10. Social Security Review Cases | *(Please specify):* _____ |
| ☐ 11. All other Federal Question Cases | |
| *(Please specify):* _____ | |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ___Ari R. Karpf_____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __10/30/2023_____ _____    ___ARK2484 / 91538___

                *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| EGAN, JENNIFER | REDEMPTION SPIRITS, LLC, D/B/A AMERICAN SPIRITS EXCHANGE LIMITED, ET AL. |
| **(b)**   County of Residence of First Listed Plaintiff    Montgomery<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant    Montgomery<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*<br>Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com | Attorneys *(If Known)* |

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | |
|---|---|
| 1   U.S. Government<br>        Plaintiff | X 3   Federal Question<br>        *(U.S. Government Not a Party)* |
| 2   U.S. Government<br>        Defendant | 4   Diversity<br>        *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place<br>of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place<br>of Business In Another State | 5 | 5 |
| Citizen or Subject of a<br>Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV.  NATURE OF SUIT** *(Place an "X" in One Box Only)*                                   Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance<br>120 Marine<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of Overpayment<br>  & Enforcement of Judgment<br>151 Medicare Act<br>152 Recovery of Defaulted<br>  Student Loans<br>  (Excludes Veterans)<br>153 Recovery of Overpayment<br>  of Veteran's Benefits<br>160 Stockholders' Suits<br>190 Other Contract<br>195 Contract Product Liability<br>196 Franchise | **PERSONAL INJURY**<br>310 Airplane<br>315 Airplane Product<br>  Liability<br>320 Assault, Libel &<br>  Slander<br>330 Federal Employers'<br>  Liability<br>340 Marine<br>345 Marine Product<br>  Liability<br>350 Motor Vehicle<br>355 Motor Vehicle<br>  Product Liability<br>360 Other Personal<br>  Injury<br>362 Personal Injury -<br>  Medical Malpractice | **PERSONAL INJURY**<br>365 Personal Injury -<br>  Product Liability<br>367 Health Care/<br>  Pharmaceutical<br>  Personal Injury<br>  Product Liability<br>368 Asbestos Personal<br>  Injury Product<br>  Liability<br>**PERSONAL PROPERTY**<br>370 Other Fraud<br>371 Truth in Lending<br>380 Other Personal<br>  Property Damage<br>385 Property Damage<br>  Product Liability | 625 Drug Related Seizure<br>  of Property 21 USC 881<br>690 Other<br><br><br>**LABOR**<br>X 710 Fair Labor Standards<br>  Act<br>720 Labor/Management<br>  Relations<br>740 Railway Labor Act<br>751 Family and Medical<br>  Leave Act<br>790 Other Labor Litigation<br>791 Employee Retirement<br>  Income Security Act | 422 Appeal 28 USC 158<br>423 Withdrawal<br>  28 USC 157<br><br>**PROPERTY RIGHTS**<br>820 Copyrights<br>830 Patent<br>835 Patent - Abbreviated<br>  New Drug Application<br>840 Trademark<br>**SOCIAL SECURITY**<br>861 HIA (1395ff)<br>862 Black Lung (923)<br>863 DIWC/DIWW (405(g))<br>864 SSID Title XVI<br>865 RSI (405(g)) | 375 False Claims Act<br>376 Qui Tam (31 USC<br>  3729(a))<br>400 State Reapportionment<br>410 Antitrust<br>430 Banks and Banking<br>450 Commerce<br>460 Deportation<br>470 Racketeer Influenced and<br>  Corrupt Organizations<br>480 Consumer Credit<br>490 Cable/Sat TV<br>850 Securities/Commodities/<br>  Exchange<br>890 Other Statutory Actions<br>891 Agricultural Acts<br>893 Environmental Matters<br>895 Freedom of Information<br>  Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | 896 Arbitration |
| 210 Land Condemnation<br>220 Foreclosure<br>230 Rent Lease & Ejectment<br>240 Torts to Land<br>245 Tort Product Liability<br>290 All Other Real Property | 440 Other Civil Rights<br>441 Voting<br>442 Employment<br>443 Housing/<br>  Accommodations<br>445 Amer. w/Disabilities -<br>  Employment<br>446 Amer. w/Disabilities -<br>  Other<br>448 Education | **Habeas Corpus:**<br>463 Alien Detainee<br>510 Motions to Vacate<br>  Sentence<br>530 General<br>535 Death Penalty<br>**Other:**<br>540 Mandamus & Other<br>550 Civil Rights<br>555 Prison Condition<br>560 Civil Detainee -<br>  Conditions of<br>  Confinement | **IMMIGRATION**<br>462 Naturalization Application<br>465 Other Immigration<br>  Actions | 870 Taxes (U.S. Plaintiff<br>  or Defendant)<br>871 IRS—Third Party<br>  26 USC 7609 | 899 Administrative Procedure<br>  Act/Review or Appeal of<br>  Agency Decision<br>950 Constitutionality of<br>  State Statutes |

**V. ORIGIN** *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| X1  Original<br>      Proceeding | 2  Removed from<br>      State Court | 3  Remanded from<br>      Appellate Court | 4  Reinstated or<br>      Reopened | 5  Transferred from<br>      Another District<br>      *(specify)* | 6  Multidistrict<br>      Litigation -<br>      Transfer | 8  Multidistrict<br>      Litigation -<br>      Direct File |

**VI.  CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA (29USC201)

Brief description of cause:
Violations of the FLSA and applicable state law(s).

| **VII.  REQUESTED IN<br>COMPLAINT:** | CHECK IF THIS IS A **CLASS ACTION**<br>UNDER RULE 23, F.R.Cv.P. | **DEMAND $** | CHECK YES only if demanded in complaint:<br>**JURY DEMAND:**   X Yes     No |
|---|---|---|---|

| **VIII.  RELATED CASE(S)<br>IF ANY** | *(See instructions):* | JUDGE | DOCKET NUMBER |
|---|---|---|---|

| DATE<br>10/30/2023 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

| Print | Save As... | Reset |
|---|---|---|